## Commonwealth v. Zilberberg.

*William A. Witman, Jr.*, for defendant and rule; *Emanuel Weiss*, contra.

MAYS, J., Feb. 18, 1929.—The indictment in this case charges that the defendant "with force and arms, etc., 153 19/24 dozen pairs of hosiery, of the value of $1209.75, of the goods and chattels, money and property of the Concordia Silk Hosiery Co., Inc., by some ill-disposed person to the jurors aforesaid yet unknown, then lately before feloniously stolen, taken and carried away, feloniously, unlawfully, unjustly and for the sake of wicked gain, did receive and have, the said Bernard Zilberberg then and there well knowing the goods and chattels, moneys and property aforesaid to have been feloniously stolen, taken and carried away." The jury returned a verdict of guilty.

Two applications are before us, one for a new trial and the other for arrest of judgment. The defendant in his brief of argument states that "the

real basis for both applications is practically the same. It raises the question of the jurisdiction of this court, and is in substance as set forth in defendant's first point for charge, which is as follows: 'If the jury finds from the evidence that the hosiery which found its way into the hands of the defendant was hosiery actually stolen from the plants of the prosecutors and was delivered to and received by the defendant in the City and County of Philadelphia, then the verdict must be for the defendant.' " The question of jurisdiction, therefore, is the only matter to be decided.

The defendant was indicted under the Act of April 23, 1909, P. L. 159, which provides: "That if any person shall buy, have or receive, within the limits of the Commonwealth of Pennsylvania, any goods, chattels, moneys or securities, or any other matter or thing, which shall have been stolen or feloniously taken, either in the Commonwealth of Pennsylvania or in any other state or country, knowing the same to have been stolen or feloniously taken, such person shall be guilty of a felony, and, on conviction, suffer the like pains and penalties which are by law imposed upon the person who shall have actually stolen or feloniously carried away the same within the limits of this Commonwealth."

The Act of March 31, 1860, § 109, P. L. 382, made it a felony to buy or receive any goods, etc., knowing the same to be stolen or feloniously taken. But the Act of 1909 went further; it provided that any person who shall buy, have or receive, within the limits of the Commonwealth of Pennsylvania, any goods, etc., which shall have been stolen, either in the Commonwealth of Pennsylvania or elsewhere, knowing the same to have been stolen, shall be guilty of a felony.

The testimony in this case discloses that the theft took place in the City and County of Philadelphia, and that the goods stolen were stored by the alleged thief in the basement of his home in Philadelphia, where they were purchased by the defendant and by him removed to the basement of another building in Philadelphia, and from that point moved by truck to the City of Reading, where they were located by the authorities in the actual or constructive possession of the defendant.

It is probably true that under the Act of 1860 the prosecution should have been brought in the County of Philadelphia. But we cannot agree with the defendant's contention that under the Act of 1909 he cannot be prosecuted in Berks County for buying, having or receiving stolen property which he is found to have in his possession here, knowing the same to have been stolen, even though it is made to appear that the property was actually bought and received in the County of Philadelphia, and was for a short space of time while in transit stored in a place other than that of defendant in the last-named county. The Act of 1909 is broad enough to cover a set of facts such as was here found by the jury. If we should construe the Act of 1909 as the defendant contends, the effect would be to promote what we believe to be a thriving and profitable business in buying, receiving and having stolen goods. It is true enough that the courts are bound to safeguard the rights of persons charged with the commission of a crime; but in the interpretation of the acts of assembly we should not go so far as to encourage and foster a pernicious practice which the Act of 1909 was designed to prevent. It must also be remembered that stolen property does not lose its identity wherever it may have acquired that distinctive character and wherever it may be found.

And now, to wit, Feb. 18, 1929, the rule for a new trial is discharged and the motion in arrest of judgment is refused.

From Charles K. Derr, Reading, Pa.